1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

3

4

SUSAN M. JOHNSON,

Plaintiff,

Case No. 2:15–cv–1600–GMN–VCF

5

vs.

**REPORT & RECOMMENDATION**

6

7

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

8

Defendant.

9

10

Before the court are Johnson's Motion for Remand/Reversal, (ECF No. 15) the Commissioner's

11

response and cross-motion to affirm (ECF No. 24), and Johnson's reply (ECF No. 25). For the reasons

12

stated below, the court recommends that Johnson's motion to remand be denied and the Commissioner's

13

cross-motion to affirm be granted.

14

**I. STANDARD OF REVIEW**

15

Social security claimants have a constitutionally protected property interest in social security

16

benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th

17

Cir. 1990). The Social Security Act authorizes the District Court to review the Commissioner's final

18

decision denying benefits. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District

19

Court to refer matters to a U.S. Magistrate Judge).

20

The District Court's review is limited. The court examines the Commissioner's decision to

21

determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is

22

supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th

23

Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more

24

than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

25

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See*, e.g., *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

## II. DISCUSSION

1.     <u>Johnson Has Not Waived Her IQ Testing Argument</u>

"[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearing in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). In *Meanel*, the claimant attempted to introduce new statistical evidence for the first time on appeal to the district court. *Id.* This statistical evidence was not presented to the administrative law judge (ALJ) nor the Social Security Appeals Council. *Id.* The Ninth Circuit held that the claimant had waived any arguments related to the new statistical evidence because the evidence at issue had not been introduced during the administrative proceedings. *Id.*

A number of district courts in the Ninth Circuit have distinguished *Meanel* in instances where the claimant is attempting to introduce new arguments, but not new evidence, on appeal to the district court. *Davis v. Colvin*, No. 3:14-cv-271-PK, 2015 WL 2218386 at* 7 (D.Or. May 9, 2015); *Bishop v. Colvin*, No. 3:14-cv-524-HZ, 2015 WL 1874879 at* 7-8 (D.Or. Apr. 23, 2015). In *Davis*, the claimant challenged the hypothetical posed to the vocational expert as well as the ALJ's RFC finding. 2015 WL 2218386 at* 7. In finding that the claimant had not waived these arguments, the district court

distinguished *Meanel*.  *Id.*  It held that *Meanel* only applied when the claimant was attempting to introduce new evidence to the district court.  *Id.*  If the claimant argued that the ALJ's decision was not supported by the administrative record, then *Meanel* did not apply.  *See id.*

Johnson does not seek to introduce new evidence regarding the IQ testing issue.  (ECF No. 16) She has therefore not waived this argument, and this court will address is on the merits.  *Davis*, 2015 WL 2218386 at* 7.

2.     The ALJ Did Not Err When She Did Not Order Further IQ Testing

Johnson argues that the ALJ erred when she accepted Dr. Lewis's opinion, but did not order IQ testing.  (ECF No. 16)  Dr. Lewis, an examining physician, opined that Johnson may suffer from an intellectual disability, but "withheld any opinion on the claimant's functional abilities until administration of the Wechsler Adult Intelligence Scale-IV."  (ECF No. 14-1 at 38)  The ALJ assigned Dr. Lewis's opinion partial weight, but did not order IQ testing.  (*Id.*)  Notably, Dr. Lewis is the only physician in this matter who mentioned the necessity of IQ testing.  (*Id.*)

Johnson relies on *Garcia v. Commissioner of Social Sec*. to support her argument.  768 F.3d 925 (9th Cir. 2014).  In *Garcia*, the claimant was examined by a psychologist who administrated an IQ test. *Id.* at 927.  The test was composed of three portions: verbal, performance, and full scale.  *Id.*  Due to time constraints, the psychologist only administered the performance test.  *Id.*  The ALJ relied on the isolated performance score, and ultimately concluded that Garcia was not disabled.  *Id.* at 929.

On appeal, the Ninth Circuit held that the ALJ had erred when he had relied on the psychologist's partial examination.  *Id.* at 930.  The ALJ's duty to develop a full and fair record required him to order additional IQ testing, rather than rely on a partial examination, especially in a case where the claimant claimed an intellectual disability.  *Id.* at 931.

Unlike the psychologist in *Garcia*, Dr. Lewis did not administer a partial IQ test.  Instead he conditioned his opinion about Johnson's functional abilities on that administration of an IQ test.  (ECF No. 14-1 at 38)  Other physicians who examined Johnson, or who examined Johnson's disability file, did opine about Johnson's functional abilities.  (*Id.*)  The ALJ chose to give those physicians' opinions greater weight than Dr. Lewis's opinion.  (Id. at 37-39)  An IQ test, pursuant to Dr. Lewis's recommendation, was therefore unnecessary.  *See Garcia*, 768 F.3d at 931.  The ALJ did not err when she did not order IQ testing.

2.    The ALJ Properly Incorporated Johnson's Limitations into Her Residual Functioning Capacity Finding

Johnson also argues that the ALJ did not properly incorporate Johnson's concentration, persistence, and pace into the ALJ's RFC finding.  (ECF No. 16)

Drs. Leaf, Lewis and Roldan each opined that Johnson had moderate difficulties maintain concentration, persistence, and pace.  (ECF No. 14-1 at 95, 106, 133)  Each doctor also opined that Johnson could "understand and remember simple instructions," "follow simple directions without additional assistance once the task is learned," and that she had "adequate attention for such tasks needed to complete a full day/work week."  (*Id.* at 98, 109, 136).  Based on these medical opinions, the ALJ limited Johnson to "routine work" within a close proximity to a restroom."  (*Id.* at 35)

"[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).  In *Stubbs-Danielson*, the ALJ limited the claimant to "simple, routine, repetitive sedentary work."  *Id.* at 1173.  The claimants' doctors opined that she could perform work at a "consistent pace" and "carry out simple tasks."  *Id.*  The Ninth Circuit

4

found that the ALJ did not err when he relied on these physicians' opinions to make his finding regarding the claimant's RFC. *See id.*

Here, the ALJ did not err when she relied on physician testimony to conclude that Johnson is limited to "routine work." The Ninth Circuit has held that an RFC that includes "simple, routine, repetitive sedentary work" is an adequate translation of physician testimony that limits the claimant to simple tasks performed at a consistent pace." *Id.* Johnson does not explain how her case is distinguishable from *Stubbs-Danielson* nor does she explain how the ALJ's "routine work" RFC is any less adequate than a "simple, routine, repetitive sedentary work" RFC. (ECF No. 16).

In the absence of such explanation, *Stubbs-Danielson* controls. In *Stubbs-Danielson* and in this action, the ALJ adequately translated medical opinions into an understandable RFC limitation. The ALJ did not err when she found that Johnson was limited to "routine work."

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Johnson's Motion for Reversal and/or Remand (ECF No. 15) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 24) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 2nd day of August, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE